**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JURABEK ABROROV** | : | |
| **Petitioner,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  26-2871** |
| | : | |
| **JAMAL L. JAMISON, et al.** | : | |
| **Respondents.** | : | |

## <u>ORDER</u>

**AND NOW**, this 5ᵗʰ day of May, 2026, upon consideration of the petition for a writ of habeas corpus, and the answer and response thereto, it is hereby **ORDERED** as follows:

1.      The petition (ECF No. 1) is **GRANTED** for the reasons in the accompanying memorandum.

2.      Respondents shall **IMMEDIATELY RELEASE** Abrorov from custody and certify compliance with this Order by a filing on the docket on May 6, 2026, regarding Abrorov's custody status. Respondents shall return to Abrorov immediately upon his release all personal belongings confiscated upon or during his detention, including his identification documents.

3.      Respondents are **ENJOINED** for a period of seven days following Abrorov's release from custody pursuant to this order from detaining Abrorov based on the same putative legal bases for his present arrest and detention, which is to say under 8 U.S.C. §§ 1225 or 1226.[1]

---

[1] Abrorov is not subject to mandatory detention under 8 U.S.C. § 1225. If Abrorov is not released from custody because he is otherwise detained, for instance on a criminal or civil commitment, then the seven-day period begins on the date of the lifting of detainers related to his immigration detention under §§ 1225 and 1226.

4.    If the government seeks to detain Abrorov after the period of seven days has elapsed, it must provide him with a bond hearing within 48 hours of his detention. If no bond hearing is provided within 48 hours, Abrorov's remedy will recur.

**BY THE COURT:**

*/s/ Catherine Henry*

**CATHERINE HENRY, J.**